IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 07-133 |
| | : | |
| v. | : | |
| | : | |
| SHEILA JONES, | : | 18 U.S.C. § 641 |
| | : | (Theft or Embezzlement of Public Money) |
| Defendant. | : | |

**FILED**

JUN 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STATEMENT OF OFFENSE

Were the Government to go to trial in the above-captioned case, the Government would prove the following facts beyond a reasonable doubt:

The Federal Employees Compensation Act, codified as amended in various sections of Title 5 of the United States Code, provides compensation benefits to Federal employees for work-related injuries or illnesses. See 5 U.S.C. § 8102. Ms. Sheila Jones (hereinafter referred to as "defendant SHEILA JONES") has been employed as a federal worker in the United States Postal Service for over 19 years, most recently as a letter carrier at the Curseen-Morris Processing and Distribution Center in Washington, DC. On or about September 2001 the defendant injured her knee while at work and applied to the Department of Labor, Office of Worker's Compensation Programs ("DOL") for worker's compensation benefits. Defendant SHEILA JONES' application was quickly approved, and she began receiving worker's compensation benefits on October 19, 2001. Defendant SHEILA JONES' worker's compensation program payments were directly deposited into her PNC Bank account number xx-xxxx-xx24.

As part of her participation in the worker's compensation program, defendant SHEILA JONES was periodically required to submit answers to a DOL questionnaire (hereinafter referred to as "DOL Form 1032") in which she provided information about her employment, her dependants, other federal benefits or payments that she might have been receiving, and third party settlements. At the end of the DOL Form 1032, defendant SHEILA JONES was required to sign a certification statement in which certified, among other things, that she would immediately report to DOL "any improvement in her medical condition, any employment, any change in the status of claimed dependants, any third party settlement, and any change in income from Federally assisted disability or benefit programs." Defendant SHEILA JONES executed a DOL Form 1032 on January 5, 2002, February 24, 2004, and December 26, 2004. Although defendant SHEILA JONES was mailed a DOL Form 1032 on December 19, 2005 and December 13, 2006, she never executed those copies.

On July 11, 2005 the defendant returned back to full time employment as a letter carrier at the United States Postal Service. Despite the fact that she returned to active full time duty, defendant SHEILA JONES failed to inform DOL that she had returned to work, and she continued to receive worker's compensation program payments from July 11, 2005 until December 23, 2006, in addition to her United States Postal Service salary. In January 2007, DOL noticed that defendant SHEILA JONES had been overpaid in the amount of $55,733.55 because she continued to receive worker's compensation payments following her return to work, and mailed her a letter advising her of the overpayment on January 12, 2007.

On January 30, 2007 Special Agent Robert Emmons of the U.S. Postal Service, Office of the Inspector General interviewed defendant SHEILA JONES regarding the overpayment of

worker's compensation benefits. Defendant SHEILA JONES admitted to having knowingly received compensation payments even after she had returned back to work full time as a letter carrier at the Postal Service, and not taking the appropriate steps to stop those payments from being directly deposited into her bank account. There is no record that the defendant ever contacted the DOL to notify them that she had returned to work for the Postal Service, as she was required to do.

As a result of the defendant's conduct, DOL continued to pay the defendant worker's compensation benefits even after she returned back to work on July 11, 2005, resulting in her theft and conversion of $55,733.55 of government money belonging to the United States Department of Labor.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____
Louis Ramos
Assistant United States Attorney
D.C. Bar no. 472-176
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4243
Washington, D.C. 20530
(202) 305-2195

## DEFENDANT'S ACKNOWLEDGMENT

I have read and discussed the four (4) page Statement of Offense in the above-captioned case, with my attorney, Rita Bosworth, Esquire. I agree, and acknowledge by my signature that this Statement of Offense is true and correct.

Date: 6/18/07                         _____
                                      Sheila Jones, Defendant


Date: 6/18/07                         _____
                                      Rita Bosworth, Esq.
                                      Attorney for Defendant

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 07-133** |
| | : | |
| **v.** | : | |
| | : | |
| **SHEILA JONES,** | : | 18 U.S.C. § 641 |
| | : | (Theft or Embezzlement of Public Money) |
| **Defendant.** | : | |

ELEMENTS OF THE OFFENSE

The essential elements of the offense of theft of United States government property, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant stole money property with the intent to deprive the owner of the use or benefit of the money;

2. That the money belonged to the United States; and

3. That the property taken had a value of more than $1,000.

5