IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>SHEILA JONES )<br>_____ ) | Cr. No. 07-133 (RMU) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Sheila Jones, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based upon all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Jones respectfully asks the Court to sentence her to probation.

### BACKGROUND

On May 23, 2007, the government filed a one-count Information charging Ms. Jones with Theft or Embezzlement of Public Money, in violation of Title 18 U.S.C. § 641. On June 18, 2007, Ms. Jones pled guilty, to the one-count Information, in accordance with a written plea agreement. Ms. Jones is scheduled to be sentenced before this Court on October 9, 2007, at 1:45 p.m.

### DISCUSSION

**I.      THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005)

1

(Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (c) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above. 18 U.S.C. § 3553(a).

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. JONES SHOULD RECEIVE A SENTENCE OF PROBATION**

    A.     **Statutory Provisions**

Pursuant to the applicable statute, the maximum term of imprisonment for the offense of Theft of or Embezzlement of Public Money is 10 years.

    B.     **Advisory Sentencing Guidelines**

    (I).     *Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the total offense level in this case is 10 and that Ms. Jones' criminal history category is I, resulting in an advisory Guideline range of 6-12 months. This advisory sentence falls in Zone B of the advisory Guidelines, which means that probation would be an appropriate sentence under the advisory Guidelines.

C. **Section 3553 Factors**

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

I. *Nature of the Offense*

While Ms. Jones in no way wishes to diminish the seriousness of the offense, she notes that the crime to which she pled guilty was neither a crime of violence nor a drug-related offense. She submits that the nature of this offense does not warrant a sentence of incarceration, for the Federal Sentencing Scheme indicates that in sentencing, Courts should consider as a governing rationale "the general appropriateness of imposing a sentence <u>other than</u> imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

## II. Characteristics of the Defendant

As the PSR indicates, Ms. Jones does not have a prior criminal history. She has always been gainfully employed and has spent her entire life up until this point as a law abiding citizen. She is an industrious and dedicated employee. She has worked for the United States Postal Service for the last twenty years and her position with this agency is still intact despite the instant offense.

Ms. Jones has had a trying childhood and grew up in an abusive environment at home. Her father was an alcoholic and she witnessed the abuse he would exact upon her mother. She lost her mother who was also abused alcohol to liver cirrhosis when she about twenty-one years old. She speaks fondly of her mother who was never abusive toward her or her siblings.

Ms. Jones is married to a supportive and loving husband. She is a devoted mother and grandmother. She relates that her daughter Natasha, who is twenty four years old, and her son Nathaniel, who is twenty years old, are her pride and joy. Ms. Jones currently supports Nathaniel, who still lives with her and is unemployed. She also has a five-year old granddaughter, Kenya.

## III. Restitution

Ms. Jones sorely regrets her actions, and she is determined to make up for what she has done. This is a rare occasion where the court already has proof of her aforementioned commitment. On February 7, 2007, long before the Information was even filed in this case, Ms. Jones paid $23,000 in restitution, which is over 40% of the total amount she owes. In addition, she has already made arrangements through her employer whereby payments are automatically deducted on a bi-weekly basis in the amount of $150. Ms. Jones has made nine payments since

June 2007 (pay period 11) and up until October 5, 2007 (pay period 20).  Accordingly, the outstanding balance of the restitution is now $31,383.55.

    III.    *Appropriate Sentence*

Given all the factors this Court must consider under 18 U.S.C. § 3553(a), it would be appropriate and reasonable to sentence Ms. Jones to a period of probation.  First, the primary focus of this case should be making the victim whole via restitution.  Ms. Jones has promised that she is committed to paying restitution and she has made good on that promise, having paid almost half of what she owes already and taken the initiative to work out a repayment plan with her employer.  Second, Ms. Jones is a first-time offender who has been gainfully employed her entire life.  She has a strong family background and good character.  She has expressed remorse for the situation and accepted full responsibility for her actions.  It is thus very unlikely that she will re-offend.  Third, Ms. Jones has a family to take care of and bills to pay.  Because she does have a steady job with good income, she is capable of paying back her restitution as well as continuing to care for her family, and probation would be adequate but not greater than necessary.  Finally, Ms. Jones has demonstrated that she can be and is a contributing member to society.  It will be far more beneficial to all involved–her family, the community, and the victim–for her to be working and paying restitution than to be costing the government more money if she is incarcerated or on home detention.

## **CONCLUSION**

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Jones asks the Court to sentence her to probation. Such a sentence would be

sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

                                      Respectfully submitted,

                                      A.J. Kramer
                                      Federal Public Defender

                                      _____/s/_____
                                      Rita Bosworth
                                      Assistant Federal Public Defender
                                      625 Indiana Avenue, N.W.
                                      Washington, D.C.  20004
                                      (202) 208-7500 ext.126