IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 07-133 (RMU) |
| v. ) | |
| ) | |
| SHEILA JONES ) | |
| _____ ) | |

DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF PROBATION

Sheila Jones, through undersigned counsel, hereby requests that this court modify her conditions of probation pursuant to FED. R. CRIM. P. 32.1(c), and she states in support the following:

1. On June 18, 2007, Ms. Jones pled guilty to 18 U.S.C. § 641, Theft or Embezzlement of Public Money.

2. On October 9, 2007, this court sentenced Ms. Jones to thirty six months of probation. As a condition of probation, the court ordered Ms. Jones to spend 180 days on electronic monitoring, and it ordered her to bear the cost of the monitoring. It also ordered her to pay restitution in the amount of $400 per month.

3. As of the date of the filing of this motion, Ms. Jones has been in complete compliance with all the conditions set forth by the court. According to probation officer Danny Thomas, Ms. Jones is current with her restitution payments and has not incurred any violations.

4. Ms. Jones recently learned that she is being placed on administrative suspension at work due to her conviction in this case. She stopped working on December 28, 2007, and will stop receiving a paycheck until her employer determines whether or not she is to be fired. It is

1

not clear how much time this will take.

     5. Ms. Jones first request is for the court to eliminate the condition of electronic monitoring from her probation sentence. As the court will recall, the government did not request that the court order electronic monitoring at the time of sentencing. Indeed, the government indicated that it did not feel such a condition was necessary. The court ultimately decided to impose the condition, against the recommendation of the government, because it did not feel that Ms. Jones had shown adequate remorse. Ms. Jones comes before the court now with an impeccable record of compliance and submits that she is extremely remorseful and that she regrets what she did every day, particularly now that her job is in jeopardy. She has shown the court that she respects its judgment and is doing all she can to comply with its wishes, and it would therefore be appropriate and just to eliminate the condition of electronic monitoring from her sentence.

     6. Eliminating the condition of electronic monitoring would also be appropriate given that the court ordered Ms. Jones to bear the costs, which come to about $97 per month for the electronic monitoring and about $30 per month for the telephone line she had to activate. With Ms. Jones's financial situation, it is a strain on her to pay these costs, and the money she spends on the monitoring would be more wisely spent if contributed to her restitution, particularly since she now may be unable to pay as much restitution given to her suspension at work.

     7. In addition, Ms. Jones requests that the court order the probation office to re-assess her finances, now that she is no longer receiving a paycheck, to determine what a reasonable monthly restitution payment is. As soon as Ms. Jones learned that she would be terminated from her job, she began seeking employment elsewhere, but she is still unemployed as of the time of the filing

of this motion (to be fair, it has been only one week, and many places have been closed over the holidays). Ms. Jones is concerned that she will not be able to continue with the $400 payments right away and does not wish to incur any violations, and she acted responsibly and promptly by contacting both the probation officer and undersigned counsel as soon as she learned of her situation. Ms. Jones is not asking to stop paying, she is simply asking that the probation office make a new assessment of what would be a reasonable monthly payment, given her change in circumstances.

      8. Finally, Ms. Jones requests a hearing on this matter if the government objects. Undersigned counsel has left several messages with Assistant United States Attorney Louis Ramos but has not been able to discuss the matter with him as of yet.

      WHEREFORE Ms. Jones respectfully requests that the court eliminate the condition of electronic monitoring and order the probation office to re-assess her restitution payments.

      Respectfully submitted,

      A.J. Kramer
      Federal Public Defender


      _____/s/_____
      Rita Bosworth
      Assistant Federal Public Defender
      625 Indiana Avenue, N.W.
      Washington, D.C. 20004
      (202) 208-7500 ext. 105

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **v.** ) <br> ) <br> **SHEILA JONES** ) <br> _____) | Cr. No. 07-133 (RMU) |

**ORDER**

Upon consideration of Ms. Jones's Motion to Modify Conditions of Probation, it is this _____ day of January, 2008, hereby

**ORDERED** that the condition of electronic monitoring is eliminated from Ms. Jones's sentence of probation, and it is further

**ORDERED** that the probation office shall re-assess Ms. Jones's financial situation to determine a reasonable monthly restitution payment, given her change in circumstances.

_____
RICARDO URBINA
UNITED STATES DISTRICT JUDGE