UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| SHEILA JONES, : | Criminal No. 07-133 (RMU) |
| Defendant. : | |
| : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO LATE FILE
THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF PROBATION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this motion for leave to late file the government's opposition to the defendant's motion to modify conditions of probation, time having expired, for the following reasons.

The defendant filed her motion to modify conditions of probation on January 7, 2008. Pursuant to Local Rule of Criminal Procdure 47(b), the government's opposition was due on January 23, 2008. The undersigned Assistant United States Attorney ("AUSA") was in a bank robbery trial before the Honorable Paul L. Friedman that started on January 14, 2008, and ended on January 24, 2008. The undersigned AUSA did not have time to respond to the defendant's motion during that time because he was in trial.

Defense counsel, Rita Bosworth, does not oppose this motion.

Wherefore, the government requests that this motion be granted.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498-610

By:    /s/
        LOUIS RAMOS
        Assistant United States Attorney
        Bar No. 472-176
        555 4th Street, N.W., Room 4243
        Washington, DC 20530
        (202) 305-2195

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | |
| **SHEILA JONES,** : | **Criminal No. 07-133 (RMU)** |
| **Defendant.** : | |
| _____ : | |

**ORDER**

Upon consideration of the government's motion for leave to late file the governement's opposition to the defendant's motion to modify conditions of probation, time having expired, it is hereby ORDERED,

That the government can late file its attached opposition to the defendant's motion to modify conditions of probation.

_____
RICARDO M. URBINA
UNITED STATES DISTRICT COURT JUDGE

DATE:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| SHEILA JONES, | : | Criminal No. 07-133 (RMU) |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S OPPOSITION TO THE DEFEDANT'S
MOTION TO MODIFY CONDITIONS OF PROBATION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this opposition to the defendant's motion to modify conditions of probation, for the following reasons.

On October 9, 2007 this Court sentenced the defendant to 36 months of probation. As a condition of her probation this Court ordered the defendant to be placed on 180 days of electronic monitoring, and ordered that the defendant pay $400 per month towards restitution. The defendant has indicated that in late December her employer placed her on administrative suspension, during which time she will not be paid. Based on this change in her employment, the defendant is requesting that this Court modify her probation to take her off of electronic monitoring because she is required to pay $97 per month to probation for the costs of the electronic monitoring and $30 per month for month for the telephone landline that she had to activate as a condition of her probation. The defendant is also requesting that this Court allow her probation officer to reassess her financial situation to determine a lower monthly restitution payment amount would be appropriate given the change in the defendant's employment status.

The government is opposed to the defendant's request to remove her from electronic monitoring because the change in her employment status is irrelevant to the condition of her

being on electronic monitoring. The government is not opposed to this Court removing the condition of the defendant's probation that requires the defendant to bear the costs of electronic monitoring while she is suspended from her job without pay and not otherwise employed. The government is also not opposed to the defendant's probation officer reassessing the monthly restitution obligation to an amount that is reasonable based on the change to her employment status.

    Wherefore, the government requests that the Court deny the defendant's motion to modify the conditions of the defendant's probation by removing her from electronic monitoring, but is not opposed to the modifications to the defendant's probation discussed above.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498-610

By:     /s/
        LOUIS RAMOS
        Assistant United States Attorney
        Bar No. 472-176
        555 4th Street, N.W., Room 4243
        Washington, DC 20530
        (202) 305-2195